**SO ORDERED.**

**SIGNED this 1 day of February, 2024.**



_____
**Joseph N. Callaway**
**United States Bankruptcy Judge**

_____

## UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF NORTH CAROLINA
## NEW BERN DIVISION

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| FAIRFIELD HARBOURSIDE | ) | Case No. 22-02267-5-JNC |
| CONDOMINIUM ASSOCIATION, INC. | ) | Chapter 11 |
| Debtor. | ) | |
| | ) | |

### ORDER ALLOWING MOTION FOR ORDER AUTHORIZING DISBURSEMENT PURSUANT TO CONFIRMED CHAPTER 11 PLAN

THIS MATTER, coming on before the United States Bankruptcy Court pursuant to the Motion for Order Authorizing Disbursement Pursuant to Confirmed Chapter 11 Plan filed by the Debtor (the "Motion"); and it appearing from a review of the record that all lienholders, interest holders, and claimants in this action were served with a copy of the Motion; and it appearing to the Court as follows:

1.  The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. §157(b)(2).

2. The Debtor filed its Petition for relief under Chapter 11 Subchapter V of the United States Bankruptcy Code on October 4, 2022. Richard P. Cook has been appointed as the Subchapter V Trustee.

3. The Debtor (also referred to as "Harbourside") was organized as a condominium subject to interval ownership (time share ownership) in 1979. The Debtor is comprised of all of the unit owners (the "Unit Owners") within Fairfield Harbourside Condominium and is responsible for oversight and management of the Harbourside Condominium. There are a total of 16 units (the "Subject Units") in the 2 buildings in Fairfield Harbourside Condominium (the "Buildings"), which units are divided into individually- or corporately-owned deeded timeshare weeks, together with an undivided percentage interest in the common areas of the Fairfield Harbourside Condominium. All of these interests in real property are collectively referred to herein as the "Real Property", and together with any associated personal property, the "Property." Of the total 832 individual deeded weeks in the 16 units, 233 weeks (approximately 28% of total) are owned the Debtor. The Debtor's fractional timeshare interests, together with the accompanying undivided interest in the common areas, may be referred to herein collectively as the "Debtor's Fractional Interests."

4. The Real Property comprising Harbourside is located within the larger planned unit development of Fairfield Harbour in Craven County, North Carolina, just outside the town limits of New Bern, North Carolina ("the PUD"). The PUD was developed as a mix of timeshares, wholly owned condominiums and single-family residential properties, beginning in the mid-1970's. The owners are all members of the Fairfield Harbour Property Owners Association, Inc. ("FHPOA"), and FHPOA owns and maintains all streets, roads, stormwater infrastructure, and the

common area bulkheads and areas surrounding various harbors of the Neuse River that are located within the PUD.

5. Since the Petition Date, the Debtor has not been operational and has received no income.

6. The Debtor filed its proposed Chapter 11 Plan of Reorganization on December 6, 2022 [DE# 42]. On March 9, 2023, the Court entered an Order Confirming Plan [DE# 67]. The confirmed Plan authorizes the sale of the Property consistent with the terms of the Plan.

7. On May 1, 2023, the Debtor filed a Motion for Order (I) Approving Sale of Real and Personal Property Free and Clear of Liens, Claims, Encumbrances, and Interests; (II) Approving Stalking Horse Bidder; (III) Approving Stalking Horse Break-Up Fee; (IV) Approving Overbid Procedures and Auction; and (V) Scheduling Hearing for Final Approval of Sale of Assets [DE# 85] (the "Stalking Horse Motion"). An order allowing the Stalking Horse Motion was entered on May 30, 2023 (the "Stalking Horse Order") [DE# 105].

8. Consistent with the confirmed Plan, the Debtor filed sixteen (16) Adversary Proceedings in the United States Bankruptcy Court against owners of fractional timeshare interests in the Subject Units in order to clear title to the Property pursuant to 11 U.S.C. § 363(h), and obtained judgments in each of those Adversary Proceedings authorizing the Debtor to sell both its interest and the various timeshare co-owners' interests in the Property.

9. On July 13, 2023, the Debtor filed a Motion for Order in Aid of Execution of the Confirmed Chapter 11 Plan [DE# 109]. Said motion sought a Court order setting out specific findings of fact and conclusions of law based upon information presented in the Plan confirmation hearing and through the Adversary Proceedings, summarizing the Court's prior Orders and facilitating the conveyance of clear title to a third-party purchaser as contemplated by the Plan.

An order allowing the Debtor's Motion for Order in Aid of Execution of the Plan was entered on August 1, 2023 (the "Order in Aid") [DE# 115].

10. In accordance with the Stalking Horse Order, qualified bidders had until July 10, 2023 to submit overbids. An auction was held on July 13, 2023 and the winning bid went to John and Jana Tyson in the amount of $1,150,000.00. A Final Sale Order was entered on July 13, 2023 [DE# 112].

11. The Debtor currently has the sum of $1,133,998.63 available to be disbursed pursuant to the terms of the Plan (the "Net Proceeds for Disbursement").

12. The Debtor requests authority to hold back the following amounts from the Net Proceeds for Disbursement to pay the final expenses related to the Bankruptcy:

   a. $1,802.00 for expenses related to Axos check-writing service;
   b. $530.00 for preparation of the Debtor's final tax returns; and
   c. $7,000.00 to Hendren, Redwine & Malone, PLLC for its final fee application and for future fees and costs related to implementing payment and reconciliation of payments to unit owners.

13. The proposed disbursements include a payment of $179,076.50 to satisfy the Class 4 Special Assessment and Maintenance Fee Claims and a payment of $5,014.02 to satisfy the allowed Class 5 General Unsecured Claims. The balance of Net Proceeds for Disbursement are to be distributed to the Class 3 Unit Owners and the Class 6 Equity Security Holders in accordance with the terms of the confirmed Plan and the Order in Aid. A true and accurate copy of the proposed disbursements consistent with prior Orders of this Court is attached to the Motion as **Exhibit A**.

14. The disbursements requested in the Motion are in the best interest of the Estate and are authorized by the confirmed Plan and the Order in Aid.

IT IS, THEREFORE, ORDERED, ADJUDGED, AND DECREED that the Debtor's Motion is GRANTED and the Debtor is allowed to make the disbursements as listed in **<u>Exhibit A</u>** to the Motion.

END OF DOCUMENT